[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was returned to court on February 17, 1998. The plaintiff sought a dissolution of her marriage to defendant, joint legal custody of the one minor child issue of the marriage, Robert W. Tucker, III, born November 30, 1995, child support, exclusive possession of the marital home located at 737 Ives Road, Cheshire, Connecticut and an equitable division or assignment of property pursuant to Section 46b-81 of the Connecticut General Statutes. CT Page 2090
Defendant appeared pro se on February 17, 1998 and subsequently appeared by counsel on April 23, 1998. Defendant's counsel filed an answer and cross complaint on that date. The answer admitted the allegations of the complaint; the cross complaint sought dissolution of the marriage, custody of the minor child pendente lite, alimony pendente lite, counsel fees and an equitable division or assignment of the property pursuant to Section 46b-81 of the Connecticut General Statutes.
On March 9, 1998 plaintiff moved the court for child support, pendente lite, Judicial District of New Haven at Meriden exclusive possession of the marital premises and an order forbidding the defendant from entering the marital premises. On April 21, 1998 plaintiff asked the court to order joint legal custody of the minor child to the parties with the primary residence of the child to be with the plaintiff mother.
On April 23, 1998, the defendant moved the court requesting orders granting him sole legal custody of the minor child pendente lite, alimony pendente lite, counsel fees together with specific orders requiring plaintiff to maintain medical insurance, home owner insurance, life insurance, in addition to assuming responsibility for the payment of all unreirnbursed expenses of the defendant and the minor child.
On May 28, 1998, the parties and counsel appeared before the court and stipulated to the following orders:
1. The parties shall have joint custody of their minor child Robert W. Tucker, III, date of birth November 30, 1995. The primary residence of the child shall be with the plaintiff mother. The defendant father shall have reasonable rights of visitation as agreed upon by the parties.
2. The defendant shall pay the plaintiff the sum of five hundred and forty-seven ($547.00) dollars per month for support of the minor child. Said sum represents the dependency portion of the defendant's social security disability benefits. The defendant shall provide the plaintiff directly with a check upon receipt from social security.
3. The plaintiff shall have exclusive possession of the marital home located at 737 Ives Road, Cheshire, Connecticut.
The matter was scheduled for a trial on February 10, 1999 at CT Page 2091 which time both parties appeared represented by counsel. Both parties testified and offered proposed orders. The evidence enables the court to find as follows:
Difficulty in the marriage arose almost immediately after the date of the marriage on October 2, 1993. The principal but by no means the only difficulty was financial in nature. Defendant lost his job when his employer down sized and gradually became physically and mentally disabled from enjoying gainful employment. The defendant is a gulf war veteran who has been treating with the Veteran's Administration medical facility for services connected with depression and a post traumatic stress disorder. On or about March 19, 1997 the defendant was accepted into the social security disability program from which he receives a weekly benefit of three hundred and fifty-six ($356.00) dollars plus medical benefits. Prior to March of 1997 the defendant had attempted to work in a variety of fields. At the time of his marriage he was employed as a salesmen for a petroleum company in the New Haven area. As previously noted he lost this job approximately a year and a half after the marriage had taken place. Subsequently the defendant was self employed in a picture framing business. After this he worked in the real estate field and just prior to going on social security he had a short period of employment as machinist in a local factory. At the present time the plaintiff is not employed. Defendant is a high school graduate. After high school he worked as a machinist. Prior to entering active service he was in the army reserve. He remained in the reserve after the Gulf War but at present is not in the reserve.
Defendant is presently pursuing a class action against the National Government asserting that he is a member of a class of Gulf War Veterans whose disability is service connected. The defendant is presently under the care of the Veteran's Administration medical providers treating for his condition of depression and post traumatic stress disorder. He is thirty-nine years of age and presently living with his father in Seymour, Connecticut. On occasion he house sits for a friend and remains in the house when the friend is out of the state. Defendant is ambulatory and drives a vehicle owned by his wife. He has had no difficulty maintaining a visitational relationship with his son since the parties separated.
The plaintiff had worked during the entire period of the marriage and contributed her earnings to the family needs. CT Page 2092 Because of the sporadic employment of the defendant, the plaintiff has assumed a greater portion of the responsibility for maintaining the parties' residence and the care and nurturing of the parties' son. Plaintiff is able to work full-time because of the assistance of her parents. During the marriage the defendant developed an explosive temper which prevented mutual communications between the parties when decisions were required. Defendant was not physically violent but was withdrawn and offered no emotional support to the plaintiff. The parties had scant opportunities for social life in as much as the defendant rejected the plaintiff's friends and the opportunities that such friendships offered for a social life.
Neither party brought any major assets into the marriage. The defendant received a small legacy from his mother which he invested in a Fidelity Fund. Despite the usual court orders prohibiting transfers of property, the defendant withdrew most of the funds during the pendency of this proceeding. The plaintiff's financial affidavit shows a net of five hundred and twenty-three ($523.00) dollars weekly against expenses of eight hundred and forty-eighty ($848.00) dollars. In addition, the plaintiff is currently receiving the sum of five hundred and forty-seven ($547.00) dollars per month representing the pendency portion of the defendant's social security benefit. Plaintiff is relatively debt free except for a loan from the Sikorsy Federal Credit Union in the amount of eighteen hundred and forty ($1,840.00) dollars and a lien against her 1996 Toyota Camry automobile which is in the amount of eight thousand ($8,000.00) dollars. The automobile has a gross value of nine thousand ($9,000.00) dollars. The plaintiff also owns a 1991 Toyota Corolla automobile which she values at two thousand five hundred ($2,500.00) dollars which is presently in the custody of the defendant. Plaintiff estimates the value of her household furnishings as one thousand eight hundred ($1,800.00) dollars, bank accounts in the amount of one thousand nine hundred and forty-five ($1,945.00) dollars and deferred compensation represented by an IRA and a 401K plan in the amount of nine thousand four hundred and fifty-nine ($9,459.00) dollars. Plaintiff and the parties son are insured for health and dental insurance through the plaintiff's place of employment, the Aetna Investment Services.
The defendant's financial affidavit shows that he is indebted in the amount of six thousand eight hundred ($6,800.00) dollars for medical expenses which he incurred prior to the marriage. The affidavit reveals that he receives a total net weekly income of CT Page 2093 three hundred and fifty-six ($356.00) dollars and he has totally week expenses of two hundred and fifty-nine ($259.00) dollars. The defendant's financial affidavit list miscellaneous household items of a value of two hundred ($200.00) dollars, a Sikorsky Federal Credit Union account in the amount of two thousand ($2,000.00) dollars and a Fidelity Roth IRA from employment prior to his marriage in the amount of six thousand nine hundred ($6,900.00) dollars. Defendant admitted during his testimony that the sum he withdrew from a Fidelity account is presently in his possession in the form of a check in the amount of two thousand five hundred ($2,500.00) dollars.
The major asset of the parties is the jointly owned marital home in which the plaintiff and the minor child reside. The parties purchased this home in 1993. The dwelling contains, four bedrooms, two baths, a kitchen, a livingroom and a family room, plus a two car garage. The improvement is sited on a one-half acre lot serviced by a septic tank and city water. Neither party produced a professional appraisal. Both plaintiff and defendant based their opinions of value on undocumented neighborhood comparables. Neither party could testify as to the tax rate nor the assessed value of the dwelling. Plaintiff testified the value of the marital home to be one hundred and forty thousand ($140,000.00) dollars, defendant testified it was in the range of one hundred and sixty thousand ($160,000.00) to one hundred and sixty-five thousand ($165,000.00) dollars. In his previous financial affidavit dated May 28, 1998, defendant affirmed the value of this real estate to be one hundred and forty-five thousand ($145,000.00) dollars. When the house was purchased in December of 1993, the purchase price was one hundred and forty thousand ($140,000.00) dollars. The parties obtained one hundred (100%) percent Veteran Administration Mortgage; presently the mortgage debt is in the amount of one hundred and thirty thousand ($130,000.00) dollars. The plaintiff testified that the defendant told her that he made a capital contribution to the reduction of the mortgage loan when he received his social security award. The defendant did not document the amount in his testimony. The present balance on the mortgage loan of approximately one hundred and thirty thousand ($130,000.00) dollars suggests to the court that the principal of the mortgage was reduced by some capital contribution since December of 1993 when the property was purchased. Plaintiff also testified that the depreciation is a factor in her evaluation of the property.
Based upon all of the credible evidence offered by the CT Page 2094 parties, the court finds that the value of the marital dwelling as of the date of the hearing to be one hundred and fifty thousand ($150,000.00) dollars. Establishing this value enables the court to conclude that the parties have an equity in this property of approximately twenty thousand ($20,000.00) dollars.
The court concludes that the marriage of the parties has broken down irretrievably without hope of reconciliation. The court further concludes that the cause of the break down of this marriage was in the greater measure, the responsibility of the defendant. Accordingly the court finds the allegations of the complaint have been proven and dissolves the marriage and after careful consideration of Section 46b-81, 46b-82 of the Connecticut General Statutes enters the following orders:
1. The plaintiff and defendant shall share joint legal custody of the minor child issue of the marriage, Robert W. Tucker, III, born November 30, 1995.
2. The physical custody and the principal place of residence of the minor child shall be with the plaintiff mother.
3. The defendant shall pay the plaintiff the sum of five hundred and forty-seven ($547.00) dollars per month for support of the minor child. Said sum represents the dependency portion of the defendant's social security disability benefit. The defendant shall provide the plaintiff directly with a check he receives from social security immediately upon receipt thereof.
4. The defendant shall have reasonable rights of visitation with the minor child. Until such time as the defendant establishes his own residence he may not exercise over night visitation.
5. The court will not award periodic alimony to either the plaintiff or the defendant.
6. The defendant is ordered to convey by a quit claim all of his right, title, and interest in the property know as 737 Ives Road, Cheshire, Connecticut to the plaintiff. The plaintiff will assume and agree to pay the principal and interest on the mortgage of this property and hold the defendant harmless from any claim of this mortgage obligation.
In consideration of the defendant husbands transfer of the CT Page 2095 interest in the real property known as 737 Ives Road, Cheshire, Connecticut to the plaintiff wife, the wife shall pay to the defendant husband the sum of six thousand ($6,000.00) dollars. This sum shall be paid to the defendant in three annual installments of two thousand ($2,000.00) dollars each without interest. The first installment payment shall be due and payable on March 1, 2000. Subsequent installments shall be due and payable on March 1, 2001 and March 1, 2002. Plaintiff's counsel shall prepare the note, defendant's counsel shall prepare the quit claim deed.
The obligation to pay this sum of six thousand ($6,000.00) dollars shall be memorialized by a note from the plaintiff to the defendant which shall contain a provision for the accelerated payment of the obligation in the event the plaintiff sells or refinances the subject property.
7. All of the household furniture and equipment contained in the marital dwelling at 737 Ives Road, Cheshire, Connecticut shall remain in the possession of the plaintiff without further claim from the defendant. The plaintiff shall retain all of her banking accounts shown on her financial affidavit dated February 10, 1999 and all right, title, and interest in her deferred compensation accounts listed on her financial affidavit of that date of the IRA Franklin Funds and her 401K plan in total value nine thousand four hundred and fifty-nine ($9,459.00) dollars. The plaintiff will cause the registration and title and all interest in the 1991 Toyota automobile presently in the possession of the defendant to be conveyed to the defendant.
The defendant will retain all right, title, and interest in the Sikorsky Federal Credit Union account listed on his financial affidavit dated February 9, 1999 and all right, title, and interest in the Fidelity Roth IRA listed on his financial affidavit dated February 9, 1999 which shows a total value of approximately six thousand nine hundred ($6,900.00) dollars, in addition the defendant may retain the balance of the Fidelity Investments joint accounts which he has withdrawn.
8. The defendant shall be responsible for all of the debts shown on his financial affidavit and will hold the plaintiff harmless from any claims based upon these debts. The plaintiff will be responsible for all of the debts shown of her financial affidavit and will hold the defendant harmless from any claims based upon the debts shown on the financial affidavit dated CT Page 2096 February 10, 1999.
9. Plaintiff shall continue to insure the minor child through the health and dental plan available through her place of employment. The defendant and plaintiff shall share equally any unreimbursed expenses for medical or dental service rendered to the minor child of the parties.
The Judgement file shall be prepared by plaintiff's counsel.
 Dorsey, J. Judge Trial Referee